NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0241n.06
Filed: April 5, 2006

No. 05-3631

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

WESLEY F. SINE,

     Plaintiff-Appellant,

v.

THE BANK OF NEW YORK; DONALD MEDDLES,
Trustee/CEO for Delmarva Timber Trust; DELMARVA
TIMBER TRUST, dba Polly & Company; FAHEY
BANK; POLLY & COMPANY; MICHAEL C.
COTTRELL; DONALD MEDDLES; JOSEPH
DOLOCK,

     Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
NORTHERN DISTRICT OF
OHIO

_____/

BEFORE:    MERRITT, MARTIN, and MCKEAGUE, Circuit Judges.

    BOYCE F. MARTIN, JR., Circuit Judge.  Pro se plaintiff Wesley F. Sine, who is currently incarcerated in a federal facility in Texas, appeals the district court's judgment.[1] That judgment held him in contempt and ordered sanctions against him. This case arises out of a scheme whereby Sine along with Donald Meddles, whose location we do not know and who is not a subject of this appeal, purloined the names of nominee partnerships owned by the Bank of New York and in so doing,

---

    [1] Sine requested that we hear oral arguments in this case. Given Sine's pro se status and his incarceration, that request is DENIED.

acquired securities and monies payable to the nominee partnerships.[2] Using the name of one of the

nominee partnerships, Polly & Co., Sine caused a garnishment to issue to Fahey Banks in Marion,

Ohio, for accounts in that bank in the name of Polly & Co. In response to that garnishment, the JP

Morgan Company notified Fahey Bank that the check payable to Polly & Co. and deposited at Fahey

Bank was forged and Fahey Bank froze that account. As a result of JP Morgan's efforts to block the

garnishment of the Polly & Co. account at Fahey Bank, Sine filed this declaratory judgment action

in Ohio state court requesting that the court determine the rightful owner of certain Polly & Co.

assets and accounts. The Bank of New York removed the case based on diversity jurisdiction to

federal court. The Bank of New York disputed Sine's claims that he was the true owner of the

nominee partnerships at issue and counterclaimed against Sine for conversion and unjust enrichment.

On December 17, 2003, the Bank of New York sought and was granted a temporary

restraining order barring Sine from transferring any assets belonging to Polly & Co. and ordering

Sine to escrow any assets of Polly & Co. Another order was later entered directing Sine to account

for the assets allegedly covered by the suit. On February 13, 2004, the Bank of New York filed a

motion asserting that Sine should be held in contempt of court for violating the district court's

previous orders. The district court held a contempt hearing at which the district court ascertained

---

[2] Sine and Meddles carried out this scheme setting up partnerships with names nearly identical to those held by the Bank of New York. For example, the Bank of New York held a nominee partnership named Polly & Company, a/k/a Polly & Co. Sine and Meddles set up a partnership named Polly and Company [without an ampersand], a/k/a Polly & Co [without a period]. Sine and Meddles then sent notices of change of address to holders of securities registered in the names of Polly & Co., notifying them that the address of Polly & Co. had been changed to Sine's law offices in Salt Lake City. In this manner Sine and Meddles began receiving securities and assets that were properly payable to Polly & Co.

that Sine violated the restraining orders "by having possessed and transferred assets of [Polly & Co.], . . . failed to deposit such assets of [Polly & Co.] in escrow, and failed to comply with his obligation to disclose accounts and transactions."

As a result of these actions, the district court found Sine guilty of criminal contempt. The district court noted that a fine or imprisonment could be imposed but declined to do so. Instead, the district court sanctioned Sine by striking his answer to the Bank's counterclaim, entering judgment as to liability on the counterclaim against Sine, and requiring Sine to compensate the Bank of New York for all the attorney fees, litigation costs, and other expenses related to the contempt proceedings.

Sine appealed the district court's decision challenging the contempt ruling on various grounds. Having reviewed the record in this case and the parties' briefs, we find no grounds upon which to disturb the district court's decision. It is evident that Sine intentionally violated the district court's restraining orders on several occasions and thus the district court was justified in concluding that Sine was in contempt of court and in ordering that appropriate sanctions be imposed. Moreover, given the district court's cogent opinion, any further analysis by this Court would be unnecessarily duplicative. We therefore AFFIRM the district court's judgment for the reasons stated in the district court's opinion.